# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CATHY BROXTERMAN | § | |
| | § | CIVIL ACTION NO 4:14-CV-661 |
| v. | § | Judge Mazzant |
| | § | |
| STATE FARM LLOYDS | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant State Farm Lloyd's Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Dkt. #32). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

The above-referenced case arises out of dispute between a policyholder and her insurer regarding the extent of damages and amount of loss suffered to Plaintiff's property located at 920 Wandering Way Drive, Allen, TX 75002 (the "Property") (Dkt. #9 at p. 2). Plaintiff purchased a residential insurance policy from Defendant State Farm Lloyds ("State Farm") to cover the Property for a loss due to storm-related events (Dkt. #9 at p. 2).

On or about April 3, 2014, the Property suffered damage due to storm-related conditions (Dkt. #9 at p. 2). In her First Amended Complaint, Plaintiff contends that that State Farm failed to adequately compensate her for damages to the Property, and she seeks to recover damages based on the following claims: (1) breach of contract, (2) violations of the Texas Deceptive Trade Practices Act and Tie-In Statutes, (3) violations of the Texas Insurance Code, (4) breach of the common law duty of good faith and fair dealing, (5) unfair insurance practices, and (6) intentional or negligent misrepresentation (Dkt. #32 at p. 1; *see* Dkt. #9).

On October 16, 2014, State Farm removed the case to this Court under diversity

jurisdiction. On October 24, 2014, the Court ordered the parties "to replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's Local Rules." (Dkt. #7 at p.1). On November 10, 2014, Plaintiff filed her First Amended Complaint (Dkt. #9).

On September 28, 2015, Defendant filed its Motion for Partial Dismissal of Plaintiff's First Amended Complaint on Plaintiff's extra-contractual claims (Dkt. #32). On October 13, 2015, Plaintiff filed her response (Dkt. #34). On October 21, 2015, Defendant filed its reply (Dkt. #37).

**LEGAL STANDARD**

Defendant moves to dismiss Plaintiff's extra-contractual claims under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement…showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.*

Defendant also moves to dismiss Plaintiff's extra-contractual claims under Federal Rule

of Civil Procedure 9(b). Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs,* 565 F.3d at 186. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud

claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

After reviewing the current complaint, the motion to dismiss, the response, and the reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) and a Rule 9(b) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendant State Farm Lloyds's Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Dkt. #32) is hereby **DENIED.**

**SIGNED this 2nd day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE