# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CATHY BROXTERMAN | § | |
| | § | CIVIL ACTION NO 4:14-CV-661 |
| v. | § | Judge Mazzant |
| | § | |
| STATE FARM LLOYDS | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant State Farm Lloyds' Motion for Partial Summary Judgment (Dkt. #33). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

The above-referenced case arises out of a dispute between a policyholder and her insurer regarding the extent of damages and amount of loss suffered to Plaintiff's property located at 920 Wandering Way Drive, Allen, TX 75002 (the "Property") (Dkt. #9 at p. 2). Defendant State Farm Lloyds ("State Farm") issued a homeowners' insurance policy to Plaintiff, effective December 1, 2003, through December 1, 2014 (the "Policy") (Dkt. #33 at p. 3). On or about April 3, 2014, the Property suffered damage due to storm-related conditions (Dkt. #9 at p. 2).

On or about April 26, 2014, prior to reporting her claim to State Farm, Plaintiff signed document for representation by her public adjuster, John Bellerose ("Bellerose"), and the Voss Law Firm, to whom Bellerose referred her (Dkt. #33 at p. 4). On May 1, 2014, Bellerose's company, Aware Owner, issued an estimate for the storm damages totaling $15,015.09 (Dkt. #33 at p. 4). On or about May 27, 2014, Jesse Corona ("Corona") of the Voss Law Firm reported Plaintiff's insurance claim to State Farm (Dkt. #33 at p. 4).

State Farm assigned the claim to adjuster Gary Hodge ("Hodge"), who inspected the Property on May 30, 2014, and prepared an estimate for damages totaling $5,425.52 (Dkt. #33 at

1

p. 5). State Farm issued payment in accordance with Hodge's estimate on June 11, 2014 (Dkt. #33 at p. 5). State Farm issued payment to the Voss Law Firm, as had been requested at the time the insurance claim was reported (Dkt. #33 at pp. 4-5).

On October 16, 2014, State Farm removed the case to this Court under diversity jurisdiction (Dkt. #1). On October 24, 2014, the Court ordered the parties "to replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's Local Rules." (Dkt. #7 at p.1). On November 10, 2014, Plaintiff filed her First Amended Complaint (Dkt. #9).

In her First Amended Complaint, Plaintiff contended that that State Farm failed to adequately compensate her for damages to the Property, and she sought to recover damages based on the following claims: (1) breach of contract, (2) violations of the Texas Deceptive Trade Practices Act and Tie-In Statutes, (3) violations of the Texas Insurance Code, (4) breach of the common law duty of good faith and fair dealing, (5) unfair insurance practices, and (6) intentional or negligent misrepresentation (*see* Dkt. #9).

On September 30, 2015, Defendant State Farm Lloyds' filed its motion for partial summary judgment (Dkt. #33). On October 16, 2015, Plaintiff filed her response (Dkt. #35). On October 28, 2015, Defendant filed its reply (Dkt. #39).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS[1]

Defendant moves for partial summary judgment on Plaintiff's extra-contractual claims, Plaintiff's claim for violation of the Texas Insurance Code, and Plaintiff's claim for violation of the Deceptive Trade Practices Act (the "DTPA"), and Plaintiff's fraud claims for intentional or negligent misrepresentations (*See* Dkt. #33). In her response, Plaintiff voluntarily dismisses her extra-contractual claims for breach of the common law duty of good faith and fair dealing, bad faith, and misrepresentation (Dkt. #35 at p. 6). Therefore, the Court will dismiss those claims with prejudice, and will focus on Plaintiff's claims under the Texas Insurance Code and DTPA and tie-in statutes.

In Texas, an individual who has been damaged by "unfair method[s] of competition or unfair or deceptive act[s] or practice[s] in the business of insurance" may bring a cause of action under the Texas Insurance Code against the person or persons engaging in such acts or practices. TEX. INS. CODE § 541.151 (formerly codified as TEX. INS. CODE, art. 21.21); *see Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 382-83 (Tex. 2000). "The prohibited conduct includes 'failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.'" *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 860-61 (5th Cir. 2003) (quoting TEX. INS. CODE § 541.151). A violation of Chapter 541 of the Texas Insurance Code is also a violation of the DTPA. TEX. BUS. & COMM. CODE § 17.50(a); *Kondos v. Allstate Tex. Lloyds*, No. 1:03-CV-1440, 2005 WL 1004720, at 12 (E.D. Tex. Apr. 25, 2005); *see Thrash v. State Farm Fire & Cas.*

---

[1] Defendant asserts that the Plaintiff's extra-contractual claims should be dismissed for failure to comply with Rule 8(a) and 9(b) of the Federal Rules of Civil Procedure (Dkt. #33 at p. 7). Defendant incorporates by reference its Motion for Partial Dismissal of Plaintiff's First Amended Complaint (Dkt. #33 at pp. 7-8; *see* Dkt. #32). The Court denied Defendant's motion on February 2, 2016 (Dkt. #51). Therefore, the Court finds that Defendant's argument is moot.

*Co.*, 992 F.2d 1354, 1357-58 & n. 19 (5th Cir. 1993); *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 135 (Tex. 1988).

Texas law holds that extra-contractual tort claims pursuant to the Texas Insurance Code and the DTPA require the same predicate for recovery as a bad faith claim under a good faith and fair dealing violation. *O'Quinn v. Gen. Star Indem. Co.*, No. 1:13-CV-471, 2014 WL 3974315, at *8 (E.D. Tex. Aug. 5, 2014); *Douglas v. State Farm Lloyds*, F. Supp. 2d 532, 544 (S.D. Tex. 1999); *Lawson v. Potomac Ins. Co. of Ill.*, No. 398-CV-0692H, 1998 WL 641809, at *4 (N.D. Tex. Sept. 14, 1998). "When an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim, all asserting wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no liability on either statutory claim." *O'Quinn*, 2014 WL 3974315, at *8; *Higginbotham*, 103 F.3d at 460; *see Beaumont Rice Mill, Inc. v. Mid-American Indem. Ins. Co.*, 948 F.2d 950, 952 (5th Cir. 1991); *State Farm Fire & Cas. Co. v. Woods*, 925 F. Supp. 1174, 1180 (E.D. Tex. 1996).

In the present case, Plaintiff's grounds for asserting that State Farm violated the Texas Insurance Code and the DTPA arise out of the same factual allegations, and are essentially identical to her grounds for arguing that State Farm violated its common law duty of good faith and fair dealing. In fact, Plaintiff's response does little to distinguish any of her extra-contractual claims (*See* Dkt. #35). Additionally as a preliminary matter, Plaintiff has voluntarily dismissed her good faith and fair dealing and bad faith claims in this case (Dkt. #35 at p. 6). As such, those claims have been dismissed with prejudice by the Court. Because the Texas Insurance Code and DTPA claims arise out of the same factual allegations as the bad faith claims, the Court finds that the statutory claims must also be dismissed. *See O'Quinn*, 2014 WL 3974315, at *8; *Higginbotham*, 103 F.3d at 460; *Kondos*, 2005 WL 1004720, at *13.

However, the Court finds that even if Plaintiff could still bring her statutory claims in the present case, she has not presented sufficient evidence for the claims to stand. Plaintiff has failed to cite to any sufficient evidence that would create a genuine issue of fact as to whether Defendant acted unreasonably in its handling of the claims. Specifically, Plaintiff fails to cite to any credible evidence that would show that Defendant represented that the Policy conferred or involved rights or obligations that it did not have, that Defendant misrepresented the authority of any representative or agent, or that Defendant failed to disclose information concerning any good or service in support of her DTPA claims (*See* Dkt. #9 at ¶ 28(a)-(c)). Plaintiff further fails to offer any competent summary judgment evidence in support of her DTPA claims that Defendant unreasonably delayed the investigation, adjustment, and resolution of her claim, that Defendant failed to properly investigate Plaintiff's claim, or that Defendant hired and relied upon a biased adjuster to obtain a favorable report (*See* Dkt. #9 at ¶ 28(d)-(g)).

As to Plaintiff's allegations of the Texas Insurance Code tie-in provisions, Plaintiff cites to no credible evidence that Defendant failed to effectuate a prompt settlement, that Defendant failed to provide her with a reasonable explanation of the benefits provided, that Defendant refused to pay her claim without conducting a reasonable investigation, that Defendant misrepresented the Policy by failing to disclose a matter required by law, or that Defendant failed to pay a valid claim after receiving all reasonably requested and required items from Plaintiff (*See* Dkt. #9 at ¶ 39 (a)-(f)).

As to Plaintiff's claim under Chapter 541 of the Texas Insurance Code, Plaintiff offers no credible evidence that would demonstrate a genuine issue of material fact as to her allegations that Defendant engaged in false, misleading, or deceptive acts, that Defendant engaged in unfair claims settlement practices, or that Defendant misrepresented to her pertinent facts or provisions

relating to the coverage at issue (*See* Dkt. #9 at ¶ 50(a)-(c)). Nor does Plaintiff's response cite to any credible evidence that would support her allegations that Defendant failed to act in good faith in effectuating a prompt and fair settlement within a reasonable time, that Defendant failed to affirm or deny coverage of her claim within a reasonable time, that Defendant refused to pay her claims without conducting a reasonable investigation, or that Defendant failed to provide her with an explanation regarding any denial of the claim or for the offer of a compromise settlement (*See* Dkt. #9 at ¶ 50(d)-([g]). Therefore, the Court finds that summary judgment should be granted as to Plaintiff's claims of violations of the Texas DTPA and tie-in statutes, violations of the Texas Insurance Code, and unfair insurance practices.

## CONCLUSION

It is therefore **ORDERED** that Defendant State Farm Lloyds' Motion for Partial Summary Judgment (Dkt. #33) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff take nothing by her extra-contractual claims of breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act and tie-in statutes, unfair insurance practices, and misrepresentation, and that those claims should be **DISMISSED** with prejudice.

Only Plaintiff's breach of contract claim, alleging that Defendant failed to pay her the benefits under the Policy to properly repair her Property, should proceed to trial.

**SIGNED this 4th day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE